UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER OWENS, #0290606,<br>Plaintiff,<br>v.<br>STEPHEN M. WAGSTAFFE,<br>Defendant(s). | Case No. 21-cv-05864-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a pretrial detainee at the San Mateo County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that on July 9, 2021 he was "illegally" incarcerated and charged with "a robbery" that San Mateo County District Attorney Stephen M. Wagstaffe knows plaintiff "did not commit." ECF No. 1 (Compl.) at 3. Plaintiff seeks "twenty[-]five million" U.S. dollars from District Attorney Wagstaff, the only defendant plaintiff names. Id.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

It is well established that a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). A state prosecuting attorney's decision to pursue criminal charges against a defendant in state court falls squarely within his role as an advocate for the state in the judicial criminal process and is protected by absolute immunity. See Kalina v. Fletcher, 522 U.S. 118, 127-29 (1997).

Plaintiff seeks damages from District Attorney Wagstaffe under § 1983 based on his claim that Wagstaffe improperly charged him with a robbery Wagstaffe knows plaintiff did not commit. But because Wagstaffe's decision to pursue criminal charges against plaintiff is protected by absolute immunity from liability under § 1983, see id., plaintiff's claim for damages from Wagstaff under § 1983 must be dismissed. See 28 U.S.C. § 1915A(b) (courts must dismiss prisoner complaints or claims seeking "monetary relief from a defendant who is immune from such relief").[1]

**CONCLUSION**

For the foregoing reasons, plaintiff's complaint for damages is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS SO ORDERED**.

Dated: August 16, 2021

CHARLES R. BREYER
United States District Judge

---

[1] To the extent plaintiff seeks release from pretrial detention, he must purse that claim in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003). But principles of federalism and comity require that a federal habeas court abstain until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980).